W. N. OLIVER ET UX. V. EMILY M. COLLINS ET AL.

Decided February 2, 1899.

**Estoppel—Promise Withdrawn.**

Promisors are not estopped by their promise where it was withdrawn before the person to whom it was made changed his position in any respect by reason thereof.

APPEAL from Houston. Tried below before Hon. W. H. GILL.

*Nunn & Nunn,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by Emily M. Collins and Mary C. Douglas to recover of E. N. Morehead for a balance of the purchase money of 320 acres of land, situated in Houston County, and the foreclosure of the vendor's lien thereon. W. N. Oliver and his wife, Marietta E. Oliver, were made parties defendant as claiming some interest in the land. They pleaded in bar of the plaintiffs' suit that the plaintiffs had agreed with the said W. N. Oliver to accept, for the note sued on, notes of said Oliver payable at future dates, amounting in the aggregate to full amount of the purchase money due, which were to be executed by the said Oliver to the defendant, E. M. Morehead, in consideration of the conveyance to him by Morehead of one-half of the land, but that on the procurement of said conveyance and the execution and tender of such notes, the plaintiffs refused to carry out their agreement and deliver up the note sued on. The defendant Morehead answered, admitting the plaintiffs' cause of action, and pleaded over against the defendants Oliver and wife, that the said Oliver had fraudulently procured from him a deed to the west half of said land, for which he had executed three notes, amounting in the aggregate to the sum of $420, which he procured from the said Morehead upon the fraudulent representation that he would deliver them to the plaintiffs and procure and deliver to defendant Morehead the note sued on. Morehead further pleaded that said Oliver was in possession of the land by himself and tenants and was converting the crops and revenues thereof to his own use, and prayed for an injunction and procured the appointment of a receiver to gather said crops and hold the same subject to the result of the suit between them. He prayed for the cancellation of the deed to said Oliver, and in the alternative for judgment for the purchase money and the foreclosure of his lien on the tract conveyed to Oliver, and that it be first sold.

The case was tried by jury and resulted in a judgment in favor of the plaintiffs for the amount of their debt and the foreclosure of their lien on the 320 acres, and in favor of the defendant Morehead against Oliver for the purchase money of the 160 acres and foreclosure thereon. Upon the issue between the plaintiffs and the defendant W. N. Oliver, the court

instructed the jury that the undisputed evidence showed that the plaintiffs had given notice to Oliver, before the execution of the deed from Morehead to Oliver, that they would not carry out the agreement to exchange the notes, and that the jury should find against Oliver and wife for the foreclosure of plaintiffs' lien.

Plaintiffs introduced in evidence their note, which showed that it was given for the land described in the petition, and retained the vendor's lien thereon. The evidence showed that the defendants Oliver and Morehead agreed that Morehead should convey to Oliver the west half of the 320 acres, upon the offer of the latter to take up the note of the former to the plaintiffs now sued on. Oliver proposed to the plaintiffs to make a trade with Morehead by which he should execute notes payable at future dates, which plaintiffs should receive and surrender the note of Morehead. It does not appear that plaintiffs were informed of the nature of the trade with Morehead, or that only one-half of the land was to be conveyed to Oliver. The plaintiffs at first told Oliver that they would take his notes and surrender Morehead's, but soon after and before the agreement was concluded between Morehead and Oliver, they reconsidered their promise and notified Oliver that they would let the matter stand as it was. When the deed was executed by Morehead to Oliver both of them knew that the plaintiffs had withdrawn their promise to Oliver to exchange the notes, and did not expect plaintiffs to give up the note sued on until it was paid. Oliver never at any time tendered to plaintiffs the notes executed by himself to Morehead nor demanded of them Morehead's note in exchange for his. Oliver and his wife were living with Morehead, who was Mrs. Oliver's father. He testified that he had put improvements upon the land which made the cash consideration mentioned in the deed to him, and that Morehead had agreed to convey him the west half of the land to settle for the improvements, and in consideration also that he should take up the note sued on; that the plaintiffs promised to accept his notes, payable at future dates, and surrender Morehead's note.

The deed from Morehead to Oliver was executed January 8, 1897, and recited a consideration of $320 in cash and three notes of even date for $140 each, due December 1, 1897, December 1, 1898, and December 1, 1899, respectively, with 10 per cent interest.

The first error assigned is upon the charge of the court in excluding from the jury the question of whether the plaintiffs had contracted with the defendant Oliver to receive his notes for the payment of the note sued on. The refusal of a special instruction upon the question is made the subject of the sixth assignment of error. We are of the opinion that the evidence was not sufficient to authorize the submission of the question. It may be conceded that the plaintiffs would be bound to carry out their agreement if Oliver had changed his position by reason thereof; but it appeared from the undisputed evidence, however, that even if it were true that the plaintiffs had told Oliver that they would take his notes in the place of the one sued on, they immediately withdrew their promise before anything had been done. It was a mere proposal which had not been

acted on when withdrawn. There was no error in refusing to submit the issue to the jury. Plaintiffs were not estopped by their promise. The agreement by which Morehead was to convey the land to Oliver was dependent upon plaintiffs taking Oliver's notes. Plaintiffs at first agreed to do so, but withdrew their promise before the matter was consummated. When the deed was finally made both parties knew that the promise of plaintiffs had been withdrawn and did not expect them to take the notes, and they were never tendered. The elements of an estoppel are wanting. Oliver never changed his position in any respect by reason of the promise. There was no error in the judgments as to costs. Morehead prayed in the alternative for recovery on the notes if cancellation of the deed should be denied. The costs of the receivership were adjudged against Morehead. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.